UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **EDDIE L. THOMAS, JR.** <br> **FED. REG. NO. 07573-028** <br> **VS.** | **CIVIL ACTION NO. 07-1625** <br><br> **SECTION P** <br><br> **CHIEF JUDGE HAIK** |
| **WARDEN JOSEPH P. YOUNG** | **MAGISTRATE JUDGE METHVIN** |

<u>REPORT AND RECOMMENDATION</u>

  Petitioner Eddie L. Thomas, Jr., filed this *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2241) on September 26, 2007. Thomas, an inmate in the custody of the Federal Bureau of Prisons (BOP), is incarcerated at the Federal Correctional Institute (FCI), Oakdale, Louisiana. He contends that his due process rights were violated in a prison disciplinary proceeding when prison officials failed to timely provide a copy of the incident report and failed to timely convene the disciplinary hearing as required by the provisions of 28 C.F.R. §541.15(a) and (b). Petitioner seeks reinstatement of lost visiting privileges, expungement of the incident report, and restoration of forfeited good time credits. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted.

*Background*

  On November 27, 2006 petitioner, who was then incarcerated at the United States Penitentiary (USP), Leavenworth, Kansas, submitted a urine sample to prison officials. The

2

sample was in turn submitted to the National Toxicology Laboratory (NTL) for urinalysis. On December 6, 2006 at approximately 6:30 a.m., SIS Tech. M. Canfield received written confirmation from NTL that the petitioner's urine sample tested positive for Cannabinoids THC Metabolite. Upon receipt of the lab report, Canfield contacted Mark Strong, Chief Pharmacist at USP Leavenworth and asked him to review petitioner's medical records to determine whether petitioner was provided medication which would account for the positive urinalysis. On December 6, 2006 Strong responded noting, "Upon review of Inmate Thomas's Medical records, Inmate Thomas was not issued any type of medication from the institutional hospital which would have caused his urine to test POSITIVE for Cannabinoids THC Metalbolite on November 27, 2006." [doc. 1-3, p. 10]

On the same date petitioner was transferred to the Federal Prison Camp (FPC), Duluth, Minnesota. Upon his arrival, he was placed in Administrative Segregation. [doc. 1-3, p. 5, Exhibit B]

On December 13, 2006, at 10:25 a.m., he was given a copy of the incident report charging him with using narcotics. [doc. 1-3, p. 3, Exhibit A] He was also advised of his rights at the disciplinary hearing. [doc. 1-3, pp. 11-13]

On January 10, 2007 the disciplinary hearing was convened. Petitioner waived his right to staff representation and denied the charges. He requested no witnesses. The toxicology report and the memorandum from Pharmacist Mark Strong were received into evidence, and, as a result, the DHO determined that petitioner had committed the act charged (Use of Narcotics ... Not Prescribed by Medical Staff). Petitioner was then sanctioned as follows: (1) loss of 40 days good conduct time; (2) loss of 365 days of family visitation; (3) loss of 365 days visitation; (4) loss of

3

180 days telephone privileges; (5) 45 days of disciplinary segregation; and (6) disciplinary transfer. [doc. 1-3, pp. 7-8, Exhibit C]

On some unspecified date petitioner appealed his disciplinary conviction to the Regional Director claiming a violation of the time limitations contained in 28 CFR §541.15(a) and (b). On May 14, 2007 the BOP's Regional Director responded, indicating, "We have directed the reporting officer to rewrite the incident report, and begin the discipline action anew. Institution staff will contact you regarding this matter." [doc. 1-3, p. 15, Exhibit D]

When petitioner was not contacted by staff, he submitted an appeal to the BOP's Administrator of National Inmate Appeals. On August 22, 2007, the administrator responded noting, "... you maintain that you were not notified within the 24-hour time limit of the violation or provided with a copy of the charging document, and you did not appear before the Unit Discipline Committee (UDC) within the 72-hour time limit... Our review reveals the Regional Director remanded your case back to the institution to have the incident report rewritten. Contact with the institution staff revealed the information has been forwarded to USP Leavenworth, where the incidence report was issued, for appropriate action. Institution staff will contact you regarding this matter. If you are dissatisfied with the results of the reconsideration, you may submit an appeal through the submission of a Regional Administrative Appeal (BP-10) to the Regional Director, South Central Regional Office." [doc. 1-3, p. 17, Exhibit E]

Petitioner signed his pleading on September 17, 2007 [doc. 1-1, p. 7]; he mailed it on September 25, 2007 [doc. 1-1, p. 9], and it was received and filed on September 26, 2007. Petitioner contends that he is entitled to *habeas corpus* relief because he "... was not granted his due process rights codified in 28 CFR 541.11-15, when Lt. Wilson delivered the incident report

4

... to petitioner seven (7) days after the Bureau of Prisons staff became aware of the incident in question, which violates 28 CFR 541.15(a) in that the incident report was delivered more than 24 hours after staff became aware of the inmate's involvement in the incident." [doc. 1-1 paragraph 4.8] He also claims that he "... was not granted his due process rights codified in the CFR ... when the Unit Disciplinary Committee held a hearing concerning the incident ... seven (7) days after the Bureau of Prisons staff became aware of the incident report in question, which violates 28 CFR 541.15(b) in that the UDC hearing was held longer than the allotted three (3) day period from the time staff became aware of the inmate's involvement in the incident..." [doc. 1-1, paragraph 4.9] As a result of the BOP's alleged violations of the cited CFR, petitioner contends that he is entitled to have his good time credits and visitation privileges reinstated and the incident report expunged from his record. [doc. 1-1, paragraph 5.6 at p. 7]

*Law and Analysis*

Petitioner claims that the BOP violated his due process rights when they did not comply with the provisions of 28 CFR §541.15(a) and (b) since he was not provided with a copy of the charging document within the 24-hour period provided by the former regulation and he was not brought before the Unit Discipline Committee (UDC) within the 72-hour time limit provided by the latter regulation. While it appears that the BOP violated the regulations, the agency's failure to comply with their own regulations does not necessarily state a constitutional claim. See *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir.1989) (failure to follow procedural regulations "does not establish a violation of due process, because constitutional *minima* may nevertheless have been met" (internal quotation and citation omitted)).

5

Federal prisoners have liberty interests in their accumulated good-time credit. See *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir.2000). Therefore, since petitioner lost good time credits, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), governs this review of the contested disciplinary proceeding.

In *Wolff*, the Court held, although the rights of a prisoner "...may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 555- 556.

Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence, (3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the ruling. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L. Ed.2d 356 (1985); *Wolff, supra*, at 556.

Based upon the evidence supplied by petitioner, it appears that he was given adequate (albeit admittedly untimely) notice of the alleged violation. The written notice he was afforded informed him of the specific charge as well as the evidence supporting the charge and the notice enabled him to prepare any defense he desired. [see doc. 1-3, Exhibit s A, C] Further, he was afforded the opportunity to present evidence on his own behalf, but chose not to do so. In

6

addition, the disciplinary board provided written findings in support of their ruling, and review of those findings establishes "some evidence" to support the ruling.[1] In other words, while the disciplinary proceeding in question did not comply with the timeliness requirements of 28 CFR §541.15(a) and (b), it did comply with the constitutional *minima* required by controlling Supreme Court precedent.

Finally it must be noted that petitioner has not alleged any prejudice resulting from the untimely notice; nor has he alleged prejudice resulting from the untimely hearing. His failure to allege prejudice defeats his due-process claim. See *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997), *cert. denied*, 522 U.S. 1003, 118 S.Ct. 576, 139 L.Ed.2d 415 (1997); *Banuelos v. McFarland*, 41 F.3d 232, 234-35 (5th Cir.1995) (denying prisoner's due process claim that a disciplinary hearing officer failed to call a defense witnesses where the testimony of such witnesses would not have changed the outcome of the hearing and thus the prisoner did not demonstrate prejudice).

Therefore,

**IT IS RECOMMENDED THAT** the petition for writ of *habeas corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

---

[1] According to the Report, the DHO relied on the Toxicology Report and the Memo from the USP Leavenworth Pharmacist to establish that petitioner's drug screen demonstrated the presence of illegal substances in his urine. [doc. 1-3, p. 7]

7

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on November 8, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)